UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART WHEELER,

                Plaintiff,

v.

BNSF RAILWAY COMPANY,

                Defendant.

C15-385 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to strike, docket no. 17, certain materials submitted by plaintiff in connection with his motion for summary judgment is DENIED for the following reasons:

    (a) Defendant's challenge to the Police Traffic Collision Report (the "Police Report") attached as Exhibit A to the Declaration of Randall C. Johnson, docket no. 13-1, goes only to the form of the evidence; however, in deciding plaintiff's motion for summary judgment, the Court may consider the Police Report, even if it would not itself be admissible at trial,[1] because it indicates what Everett Police Officer Nelson would say if called as a witness at trial. *See* *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) ("At summary judgment, 'a party does not necessarily have to produce evidence in a form that would be admissible at trial.'"); *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir.

---

[1] Defendant's reliance on RCW 46.52.080 is misplaced. RCW 46.52.080, which states that "[n]o such accident report or copy thereof shall be used as evidence in any trial," concerns only "*required* accident reports," *id.* (emphasis added), which are those reports prepared by persons involved in accidents pursuant to RCW 46.52.030(1) or .040, and not reports generated by law enforcement. *See* *Guillen v. Pierce County*, 144 Wn.2d 696, 714, 31 P.3d 628 (2001), *rev'd in part on other grounds*, 537 U.S. 129 (2003).

MINUTE ORDER - 1

2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We instead focus on the admissibility of its contents."); *see also Campanelli v. Allstate Life Ins. Co.*, 93 Fed. App'x 159 (9th Cir. 2004) (holding that the district court erred in granting summary judgment because the reasons given for disregarding certain opposing declarations went "to their weight, not their admissibility").

      (b)    Defendant's challenge to the handwritten statement of Donald Francis, attached as Exhibit C to the Declaration of Randall C. Johnson, docket no. 13-3, likewise goes only to the form of the evidence.  The statement, however, is signed under penalty of perjury and qualifies as an affidavit made on personal knowledge concerning facts about which the witness would be competent to testify at trial.  *See* Fed. R. Civ. P. 56(c)(4).

      (c)    Defendant's assertion that plaintiff's expert Steve Harbinson merely "'reviewed' certain documents" and "provides absolutely no basis" for his opinions is inconsistent with Harbinson's report, which indicates that Harbinson visited the scene two days after the accident happened and inspected plaintiff's damaged motorcycle.  Harbinson has drawn conclusions from his observations, as well as the information contained in the Police Report and data, available from Expert AutoStats, about the vehicle defendant's employee was operating.  The Court has considered Harbinson's opinions to the extent appropriate under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

    (2)    Plaintiff's motion to strike, Reply at 11 n.35 (docket no. 21), defendant's expert Steve Garets's declaration, docket no. 20, is DENIED.  The Court has considered Garets's opinions to the extent appropriate under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

    (3)    Defendant's motion to strike, docket no. 25, the document attached as Exhibit B to the Supplemental Declaration of Randall C. Johnson, docket no. 22-2, submitted by plaintiff along with his reply in support of his motion for summary judgment, is DENIED.

    (4)    Plaintiff's motion for summary judgment on liability, docket no. 12, is DENIED.  The parties do not dispute that defendant's employee, Elgin Hawkins, during the course of his employment, backed a Chevrolet Suburban out from an angled parking spot and collided with plaintiff's motorcycle, which was traveling on the roadway.  Although plaintiff was the "favored driver," and Hawkins had the primary duty to avoid a collision, plaintiff still had a duty to exercise reasonable care to ascertain whether Hawkins was going to yield to his right of way.  *See Bohnsack v. Kirkham*, 72 Wn. 2d 183, 192, 432 P.2d 554 (1967) ("a favored driver is entitled to rely on his right of way until he becomes aware, or in the exercise of reasonable care should have become aware, that the right of way will not be yielded"); *see also Sanchez v. Haddix*, 95 Wn.2d 593,

MINUTE ORDER - 2

597, 627 P.2d 1312 (1981) (a favored driver "is entitled to rely heavily upon his right of way, although he is still required to exercise ordinary care"); Hough v. Ballard, 108 Wn. App. 272, 288, 31 P.3d 6 (2001) ("all rights of way are relative and the duty to avoid accidents or collisions . . . rests upon both drivers").  The following questions of facts preclude summary judgment as to either defendant's liability or plaintiff's comparative fault:  (i) whether plaintiff was proceeding at or below the speed limit; (ii) whether plaintiff's speed, even if it was within the posted limit, was appropriate in the circumstances, see Hough, 108 Wn. App. at 287 (citing RCW 46.61.445 ("Compliance with speed requirements . . . shall not relieve the operator of any vehicle from further exercise of due care and caution as further circumstances shall require.")); (iii) whether plaintiff, with the exercise of reasonable care, could have avoided the collision; and (iv) whether Hawkins fulfilled his duty to "look backward when he commence[d] his operation" and to "continue to look backward in order that he [would] not collide with or injure" others lawfully using the street, Jellum v. Grays Harbor Fuel Co., 160 Wn. 585, 591, 295 P. 939 (1931).  See Harris v. Burnett, 12 Wn. App. 833, 836, 532 P.2d 1165 (1975) ("The interaction between two vehicles involves location, direction, movement, conditions, obstructions, actions, observations and numerous other influences that may have brought about a crash course rather than safe passage.  These matters must be assessed by the jury unless the evidence permits no inference of negligence on the part of one party or on the part of the other."); see also Bohnsack, 72 Wn.2d at 191 ("Before the trial court can take the issue of contributory negligence from the jury and hold, as a matter of law, that there was none, the evidence must be such that *all* reasonable minds would agree that the plaintiff had exercised the care which a reasonably prudent man would have exercised for his own safety under the circumstances." (emphasis added)).

     (5)    Defendant's Rule 56(d) motion for continuance of plaintiff's motion for summary judgment, for the purpose of deposing plaintiff's expert, see Response at 15 (docket no. 17), is STRICKEN as moot.

     (6)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of January, 2016.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3